Matthias, J.
In a previous case before this court involving a phase of the controversy now presented, the report of which appears in 96 Ohio St., 44, it was held that the limit of expenditure fixed by statute for the purpose of the erection of a county memorial building was likewise a limitation upon the power of the designated officials to contract therefor. The particular question there determined was that the earnings derived from the fund should *446 go to the county and not be added to that building fund.
The primary contention made by counsel for plaintiff in, error in this case is that the contract in question is unenforceable and that any balance remaining unpaid thereon cannot 'be collected because the building was not erected and completed at a cost within the limit fixed by law, $250;000. There is no claim that the defendant in error did not fully complete its contract in accordance with its terms as required by the plans and" specifications which were a part thereof, and it is expressly found by the trial court that there was no fraud or bad faith on the part of the contractor. ' At the time the contract was entered into the amount of money to the credit of such fund, unexpended for any other purpose, was sufficient to pay the amount stipulated in the contract. The fund available therefor was later exhausted, and exceeded, by reason of obligations arising out of contracts subsequently, entered into by the memorial building trustees, and the inability to pay the remainder of the contract price to the defendant in error came about by reason of the satisfaction of the obligations incurred subsequent to the execution of the contract in question.
The rule announced in the case of the City of Lancaster v. Miller, 58 Ohio St., 558, and other kindred cases, very much relied upon by counsel for plaintiff in error, has nO application whatever here. It has reference only to conditions and requirements precedent to the execution of a contract. It is not held in any of those cases that the right of a con *447 tracting party may be prejudiced by any action of a public official having to do with the matter or proceeding subsequent to the execution of such contract. Clearly the contract of the defendant in error when executed was valid and binding to the full amount of the consideration named therein. It cannot be rendered invalid by the subsequent action of the trustees, though such action was in excess of their power.
The principle applicable here was plainly announced in the case of City of Cincinnati v. Cameron, 33 Ohio St., 336, where it is stated in the fourth proposition of the syllabus:
“A contractor does work for a municipal corporation, which refuses payment on the ground that the fund provided by legislative authority has been already expended. If this be the only defense, the corporation must clearly show that at the time of making the contract and entering upon its execution, it, with others, exceeded in amount the fund provided;- otherwise this defense cannot prevail. If, at the time of making the contract and entering upon its execution, it, with -others, did not exceed in amount the fund provided; but the municipal authorities subsequently made other contracts, the aggregate of which, together with that of those already existing, was in excess of the fund, the contracts first made, and which were within the limit, are not invalidated, and that the fund is exhausted is not a ground of defense.”
Subsequent to the execution of the contract and under the terms and conditions thereof the trustees *448 made certain deductions therefrom amounting in all to $5,931.50, and also authorized certain substitutions and additions amounting in all to $12,260.23, thereby adding to the original contract price $6,328.73. Such additions were made subsequent to the exhaustion of the fund, and for the reason above stated the claim for the same was invalid in so far as it exceeded the deduction made from the contract, and there was no error committed by the trial court in limiting the recovery of the defendant in error to the balance unpaid on the original contract price. The entire matter must be considered as one transaction and the fact that payments previously made were improperly applied to the payment for additions and alterations instead of on the original contract cannot affect the situation nor alter the rights of the parties.
One other question presented by the plaintiff in error deserves attention. It is urged that it was necessary under the provisions of Section 2460, General Code, to present the claim sued upon to the county commissioners for allowance or rejection. That section can have no application to the situation here presented, for we are here dealing with a contract duly made and executed by the memorial trustees under express authority of particular and definite provisions of the statute, which must be regarded as constituting an exception to the provisions of Section 2460, General Code. The memorial 'building trustees were expressly authorized and empowered to act in the matter and they did determine the amount of the claim and the same was approved and allowed by them. There could be no reason for *449 requiring the presentation of a claim based upon such express contract clearly authorized as a condition precedent to bringing action thereon.

Judgment affirmed.

Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.